**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUAN JOSE OCHOA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 11 C 5544 |
| v. | ) |
| | ) Hon. George W. Lindberg |
| COOK COUNTY SHERIFF, CITY OF | ) |
| CHICAGO, and UNKNOWN SHERIFF | ) |
| DEPUTIES, OFFICERS AND EMPLOYEES | ) |
| OF COOK COUNTY SHERIFF, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Cook County Sheriff's ("Sheriff") motion to dismiss Counts III and IV of plaintiff Juan Jose Ochoa's ("Ochoa" or "plaintiff") First Amended Complaint ("complaint") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The Sheriff argues that Ochoa failed to state claims upon which relief can be granted. For the reasons set forth more fully below, the motion to dismiss is granted.

*I. Relevant Facts*

The instant case stems from plaintiff's April 29, 2010 arrest pursuant to an arrest warrant for a different individual with the same first and last name. According to the complaint, unknown Chicago police officers and unknown civilian personnel of the Chicago Police Department ("CDP") arrested plaintiff in his home in Burbank, Illinois on April 29, 2010 pursuant to an arrest warrant for an individual named Juan L. Ochoa. The arrest warrant described an individual shorter and heavier than plaintiff, who had tattoos. Plaintiff does not have any tattoos and claims that he does not look like the individual described in the arrest warrant. While at his home, plaintiff advised the arresting officers and civilian personnel that he was not Juan L. Ochoa and

provided valid identification and other documentation identifying himself as Juan Jose Ochoa.

Nevertheless, the officers arrested plaintiff and detained him at the CPD facility located at Harrison and Kedzie for approximately 24 hours. During his detention at the Harrison and Kedzie facility, CPD employees never attempted to fingerprint plaintiff to confirm his identity. Members of plaintiff's family provided valid identification and other documents to CPD personnel, but plaintiff was not released from custody.

On April 30, 2010, CPD personnel transferred plaintiff to Cook County Jail. As he did with CPD personnel, plaintiff advised Cook County Jail personnel that he was not Juan L. Ochoa and provided them with valid identification and other documentation identifying himself as Juan Jose Ochoa. Similar to CPD personnel, Cook County Jail personnel detained plaintiff for 4 days without fingerprinting him to confirm his identity. Plaintiff remained in the Cook County Jail until May 3, 2010, when he was transported to the Lake County Jail.

Lake County Jail personnel finally fingerprinted plaintiff. The fingerprints confirmed that plaintiff was not the Juan L. Ochoa listed on the arrest warrant and plaintiff was released from the Lake County Jail on May 4, 2010.

On April 19, 2011, plaintiff filed a complaint in the Circuit Court of Cook County against two named defendants, the City of Chicago and Cook County. Plaintiff served both defendants with summons and a copy of the complaint on April 27, 2011. In May 2011, Cook County moved to dismiss the complaint. In response to the motion to dismiss, plaintiff sought and was granted leave to file an amended complaint in state court. Plaintiff filed his amended complaint on July 29, 2011. In the amended complaint, plaintiff added the Sheriff and "unknown Sheriff deputies, officers, and employees of the Cook County Sheriff" as defendants and removed Cook

County as a defendant. The Sheriff removed this case to federal court on August 15, 2011.

*II. Legal Analysis*

In ruling on a Rule 12(b)(6) motion to dismiss, the Court treats all well-pleaded allegations as true, and draws all reasonable factual inferences in Ochoa's favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). Under Rule 8(a), the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.E.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 929 (2009).

Before turning to the merits of the motion to dismiss, the Court must address the poorly written and virtually unintelligible response brief filed by plaintiff's counsel. In that brief, plaintiff's counsel did not demonstrate an understanding of 42 U.S.C. § 1983 ("Section 1983") and related case law. Even after reading plaintiff's complaint and response brief multiple times, it is still unclear to the Court what causes of action plaintiff is attempting to allege. What is clear to the Court is that plaintiff has not stated any valid claims against the Sheriff.

*A. Count III*

The two claims directed against the Sheriff purport to allege a cause of action pursuant to Section 1983 (Count III) and a claim for willful and wonton conduct (Count IV). As the Sheriff correctly noted in his motion to dismiss, plaintiff's complaint did not specify whether the Section 1983 claim was being alleged against the Sheriff in his official or individual capacity.

3

Plaintiff claims that the Sheriff, through his agents and employees, "violated provisions of [Section] 1983 by depriving" plaintiff of his "federal rights against false imprisonment and incarceration" and "his federal rights against being confined in the absence of probable cause." Plaintiff further claims that sheriff deputies and civilian personnel "exceeded the scope of their authority by wrongfully confining and imprisoning" him. Those deputies and other personnel also allegedly were "acting outside the scope of their responsibilities and normal functions."

The complaint does not include any allegations regarding personal knowledge or participation by the Sheriff in the events outlined in the complaint. Accordingly, plaintiff has not alleged a cause of action pursuant to Section 1983 against the Sheriff in his individual capacity. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). The complaint also does not allege any policy, constitutional or otherwise, within the Sheriff's department. Accordingly, plaintiff has not stated a valid *Monell* claim against the Sheriff in Count III of the complaint. *See Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978); *see also Baxter v. Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994). For these reasons, the Sheriff's motion to dismiss is granted as to Count III of the complaint.

### B. Count IV

Turning to plaintiff's willful and wonton conduct claim against the Sheriff (Count IV), that claim is barred by the applicable one-year statute of limitations. The Illinois Local Government Employees Tort Immunity Act ("Tort Immunity Act"), 745 Ill. Comp. Stat. 10/8-101 (2002), provides for a one-year statute of limitations on claims against local public entities and their employees, including the Sheriff. *Truly v. Sheahan*, 2002 WL 31298848 at *2 (N.D.Ill. Sept. 6, 2002). The conduct at issue in this case occurred between April 29, 2010 and May 4,

2010. The Sheriff was not named as a defendant in this case until July 29, 2011, more than a year after Ochoa's detention at Cook County Jail.

Plaintiff argues that Count IV was timely and is not barred by the Tort Immunity Act's one-year statute of limitations because the instant complaint relates back to the original complaint plaintiff filed in state court on April 19, 2010. Plaintiff argues that the claims against the Sheriff in the instant complaint "arose out of the same conduct and occurrence set out in the original complaint." While the Court agrees with Ochoa that the claims against the Sheriff arose out of the same conduct and occurrence set out in the original complaint, that is not sufficient to satisfy the requirements of Rule 15.

Plaintiff must also establish that the proper party, in this case the Sheriff, knew or should have known that it would have been named in the original complaint but for a mistake concerning the Sheriff's identity. RULE 15(C)(1)(C)(II). Plaintiff has not and cannot satisfy this requirement. The only two named defendants in the original complaint were the City of Chicago and Cook County. Cook County and the Sheriff are two separate and distinct entities; service on one is not sufficient to put the other on notice of an alleged cause of action. *Potochney v. Doe*, 2002 WL 31628214 (N.D.Ill. Nov. 21, 2002). Further, the Sheriff was not chargeable with knowledge of this mistake. *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Therefore, plaintiff has not satisfied Rule 15(c)(1)(C)(ii).[1] *See King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000) ("Rule 15(c)(3) does not provide for relation back under circumstances, such as here, in which the plaintiff fails to identify the proper party."). For

---

[1]The format of Rule 15 was amended in 2007. Prior to 2007, the section of Rule 15 at issue in this case was labeled 15(c)(3). That section is now labeled 15(c)(1)(C)(i)&(ii). This change to Rule 15 was "intended to be stylistic only." *See* RULE 15, 2007 AMENDMENT.

these reasons, Count IV is dismissed with prejudice.

### C. Count VI

The Court also *sua sponte* dismisses Count VI against "unknown" as time-barred. *Eison v. McCoy*, 146 F.3d 468, 472 (7th Cir. 1998). As discussed above, the one-year statute of limitations applicable to plaintiff's willful and wanton claims expired prior to the identification of the "unknown" defendants listed in Count VI of the complaint. Rule 15 "does not provide for relation back when the reason the original complaint is insufficient is a simple lack of knowledge of the identity of the proper party." *Eison*, 146 F.3d at 472. The Seventh Circuit has repeatedly upheld the dismissal of claims against defendant officers if those officers were not identified within the applicable statute of limitations. *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998). Accordingly, Count VI is dismissed. That dismissal and the dismissal of Count IV are with prejudice because the statute of limitations applicable to those claims has run. *Conover v. Lein*, 87 F.3d 905, 908 (7th Cir. 1996).

### III. Conclusion

In summary, the Sheriff's motion to dismiss is granted. Count III is dismissed without prejudice. Counts IV and VI are dismissed with prejudice.

**ORDERED:** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [11] is granted. Count III of the First Amended Complaint is dismissed without prejudice and Count IV is dismissed with prejudice. The Cook County Sheriff is terminated as a defendant. The Court *sua sponte* dismisses Count VI, with prejudice, as time-barred. Plaintiff's counsel is cautioned to include his name in type-written form on all future filings with this Court. Signing a filing as

"attorney for plaintiff" and identifying plaintiff's counsel's law firm is not sufficient. No appearance required on November 9, 2011 at 10:00 a.m. A status hearing is set for 11/16/11 at 10:00 a.m.

E N T E R:

_____
George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: November 8, 2011