**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUAN JOSE OCHOA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 11 C 5544 |
| v. | ) |
| | ) Hon. George W. Lindberg |
| CITY OF CHICAGO, a Municipal Corp., | ) |
| and COOK COUNTY SHERIFF, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are defendants' motions to dismiss plaintiff Juan Jose Ochoa's ("plaintiff" or "Ochoa") Second Amended Complaint ("complaint") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Defendant City of Chicago (the "City") seeks to dismiss Count I, alleging unlawful arrest and wrongful imprisonment by the City in violation of 42 U.S.C. § 1983 and Count II, alleging willful and wanton conduct by the City, arguing that neither count alleges a viable cause of action. Defendant Cook County Sheriff ("Sheriff") seeks to dismiss Count III, arguing that plaintiff has not pled a viable claim for wrongful imprisonment in violation of 42 U.S.C. § 1983. For the reasons set forth more fully below, the City's motion to dismiss is granted and the Sheriff's motion to dismiss is denied. Plaintiff's complaint is dismissed as to the City pursuant to Rule 12(b)(6) for failing to state a claim upon which relief may be granted and the City is terminated as a defendant.

*I. Relevant Facts*

For the most part, the following relevant facts are taken from a November 8, 2011 memorandum opinion and order the Court entered, which dismissed three counts in plaintiff's First Amended Complaint. The instant case stems from plaintiff's April 29, 2010 arrest pursuant

to an arrest warrant for a different individual with the same first and last name, same date of birth, and same race. According to the complaint and arrest warrant attached as an exhibit to the complaint, plaintiff was arrested in his home in Burbank, Illinois on April 29, 2010 pursuant to an arrest warrant for an individual named Juan L. Ochoa, with a date of birth of August 30, 1977, and with a race described as Hispanic.[1] The arrest warrant described an individual shorter and heavier than plaintiff, who had tattoos. Plaintiff does not have any tattoos and claims that he does not look like the individual described in the arrest warrant. While at his home, plaintiff advised the arresting officers and civilian personnel that he was not Juan L. Ochoa and provided valid identification and other documentation identifying himself as Juan Jose Ochoa. Plaintiff concedes that his date of birth is also August 30, 1977 and that his race can be described as Hispanic.

    Despite plaintiff's protests, Chicago Police Officers arrested plaintiff and detained him at the Chicago Police Department ("CPD") facility located at Harrison and Kedzie for approximately 24 hours. During his detention at the Harrison and Kedzie facility, CPD employees never attempted to fingerprint plaintiff to confirm his identity. Members of plaintiff's family provided valid identification and other documents to CPD personnel, but plaintiff was not released from custody.

    On April 30, 2010, CPD personnel transferred plaintiff to Cook County Jail. As he did

---

[1] "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Rule 10(c). Accordingly, the Court can consider exhibits attached to plaintiff's complaint when ruling on the pending motions to dismiss. *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005).

with CPD personnel, plaintiff advised Cook County Jail personnel that he was not Juan L. Ochoa and provided them with valid identification and other documentation identifying himself as Juan Jose Ochoa. Similar to CPD personnel, Cook County Jail personnel detained plaintiff for four days without fingerprinting him to confirm his identity. Plaintiff remained in the Cook County Jail until May 3, 2010, when he was transported to the Lake County Jail. Lake County Jail personnel finally fingerprinted plaintiff. The fingerprints confirmed that plaintiff was not the Juan L. Ochoa listed on the arrest warrant and plaintiff was released from the Lake County Jail on May 4, 2010.

On April 19, 2011, plaintiff filed a complaint in the Circuit Court of Cook County against two named defendants, the City of Chicago and Cook County. Plaintiff served both defendants with summons and a copy of the complaint on April 27, 2011. In May 2011, Cook County moved to dismiss the complaint. In response to that motion to dismiss, plaintiff sought and was granted leave to file an amended complaint in state court. Plaintiff filed his amended complaint on July 29, 2011. In the amended complaint, plaintiff added the Sheriff and "unknown Sheriff deputies, officers, and employees of the Cook County Sheriff" as defendants and removed Cook County as a defendant. The Sheriff removed this case to federal court on August 15, 2011.

On November 8, 2011, this Court dismissed all claims against all "unknown" defendants and the willful and wonton conduct claims against the Sheriff with prejudice. The Court also dismissed the 1983 claim against the Sheriff without prejudice. Thereafter, plaintiff filed the instant complaint. The most recent amended complaint named the City and the Sheriff as the only defendants.

*II. Legal Analysis*

In ruling on a Rule 12(b)(6) motion to dismiss, the Court treats all well-pleaded allegations as true, and draws all reasonable factual inferences in Ochoa's favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). Under Rule 8(a), the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.E.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 929 (2009).

*A. Count I*

In Count I, plaintiff alleges claims against the City for false arrest and unlawful detention in violation of §1983. The City moves to dismiss these claims, arguing that the allegations do not state a constitutional violation against City employees, and plaintiff failed to allege a basis for municipal liability. If an arrest warrant is valid on its face, its execution does not violate the Fourth Amendment merely because, due to a mistake in identification, the person arrested is not the person named in the warrant. *See Hill v. California*, 401 U.S. 797 (1971). Specifically, "[w]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." *Hill*, 401 U.S. at 802. The Seventh Circuit has routinely found that arrests based on a reasonable, but mistaken belief that the arrestee is the person named in the warrant do not violate the constitution. *See Tibbs v. City of Chicago*, 469 F.3d 661, 664-65 (7th Cir. 2006); *U.S. v.*

*Marshall*, 79 F.3d 68, 69 (7th Cir. 1996); *Brown v. Patterson*, 823 F.2d 167 (7th Cir. 1987). "In circumstances where the police mistake a person for someone else they seek to validly arrest, the arrest is constitutional if the arresting officers (1) have probable cause to arrest the person sought and (2) reasonably believe that the person arrested is the person sought." *Marshall*, 79 F.3d at 69.

In this case, Chicago Police Officers had a valid arrest warrant for Juan L. Ochoa, whose race is described in the warrant as Hispanic and whose date of birth is August 30, 1977. The police reasonably believed that plaintiff was the Juan L. Ochoa named in the arrest warrant because both men have the same first and last name, same date of birth, and same race. The fact that plaintiff claims to be taller and lighter than the Juan L. Ochoa described in the arrest warrant, does not render plaintiff's arrest unreasonable. Police action can be reasonable despite an arrestee's protests that police have the wrong person and discrepancies between the arrestee and the description on the arrest warrant. *Brown*, 823 F.2d at 169. Accordingly, based on the facts in the complaint, plaintiff's claim for false arrest against the city is dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiff's unlawful detention claim is also dismissed. Claims stemming from the continued detention of a person arrested on a valid warrant are governed by the Due Process Clause and not the Fourth Amendment to the Constitution. *Brown*, 823 F.2d at 169. The Due Process Clause does not require an immediate investigation of an arrestee's claim that he is not the person named in a valid arrest warrant. *Baker v. McCollan*, 43 U.S. 137, 143-44 (1979). The Seventh Circuit has repeatedly held that failure to investigate for two to three days does not raise a due process concern. *See McCollan*, 43 U.S. at 145 (a three day detention did not amount to a

deprivation of liberty); *Tibbs*, 469 F.3d at 665 (a two day detention was not unconstitutional). The Chicago Police Department only held plaintiff in their custody for approximately 24 hours. Further, plaintiff has not cited to and the Court is not aware of any case law to support plaintiff's attempt to impute the four days plaintiff was held in the Sheriff's custody on the City. Accordingly, as a matter of law, plaintiff cannot state an unlawful detention claim against the City for his 24-hour detention. Accordingly, Count I of the complaint is dismissed.

### *B. Count II*

Next, the Court turns to Count II, plaintiff's claim against the City for willful and wonton conduct. As an initial matter, federal law does not recognize a claim for willful and wonton conduct. To the extent plaintiff was attempting to state a claim for willful and wonton conduct under Illinois law, the claim must be dismissed. Under the Illinois Local Government and Local Governmental Employees Tort Immunity Act ("Tort Immunity Act"), the City "is not liable for any injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109 (2002). The Tort Immunity Act provides public employees immunity from tort liability in the "execution or enforcement of any law" unless their conduct is "willful and wonton." 745 ILCS 10/2-202. Willful and wonton conduct is defined as "a course of action which shows an actual or deliberate intention to cause harm, or which, if not intentional shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/2-210. Plaintiff has not named any individual Chicago Police Officers as defendants in this case. Accordingly, there is no officer or City employee whose conduct is at issue, or whose conduct could serve as a basis for finding the City liable for his/her willful and wonton conduct. Further, as stated above, the arresting officers did not act unreasonably in arresting defendant

based on a valid arrest warrant for a person with the same first and last name, same date of birth, and same race. The 24-hour detention also did not rise to the level of willful or wonton conduct as a matter of law. *See Mercado v. Village of Addison*, 385 Ill.App.3d 1006, 1009-1010 (2nd Dist. 2008). Accordingly, Count II of the complaint is dismissed.

### *C. Count III*

Finally, the Court turns to the Sheriff's motion to dismiss Count III, plaintiff's claim for unlawful detention in violation of 42 U.S.C. § 1983. In construing the facts in the light most favorable to plaintiff, as the Court must do at this stage in the case, plaintiff has alleged that the Sheriff detained him for four days without finger printing him despite his repeated protestations that he was not the person named in the arrest warrant and his and his family's production of valid identification and other documents indicating that he was Juan Jose Ochoa and not the Juan L. Ochoa named in the arrest warrant. Based on these facts, the Court cannot find, as a matter of law, that plaintiff's four-day detention did not violate the Due Process Clause of the Constitution. *See Panfil v. City of Chicago*, 2001 WL 618975, at *4 (May 25, 2001)(recognizing that an extended detention based on misidentification can sustain a § 1983 claim, and that a detention exceeding three days may be construed as extended). Although the Due Process Clause does not require an immediate investigation of an arrestee's claim of misidentification, four or more days may be too long to delay in investigating those claims and could constitute a § 1983 violation. Accordingly, at a minimum, plaintiff is entitled to discovery as to this claim.

Further, plaintiff's allegations can reasonably be construed as alleging a practice by the Sheriff of not timely investigating arrestees' claims of mistaken identity under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978). After discovery is completed

in this case, the facts may contradict plaintiff's allegations, but he is entitled to engage in discovery to explore this claim.

To the extent plaintiff was attempting to allege a violation of § 1983 apart from a claim for unlawful detention, those claims are dismissed. Additionally, any claims against the Sheriff in his individual capacity are dismissed. Plaintiff's claim against the Sheriff is construed as limited to an unlawful detention claim in his official capacity based on a failure to timely investigate plaintiff's misidentification claim.

### III. Conclusion

For the reasons set forth more fully above, the City's motion to dismiss is granted and the Sheriff's motion to dismiss is denied.

ORDERED: Defendant City of Chicago's motion to dismiss Counts I and II of the Second Amended Complaint [35] is granted. The City is terminated as a defendant in this case. Defendant Cook County Sheriff's motion to dismiss plaintiff's Second Amended Complaint [40] is denied. The Sheriff's answer to the Second Amended Complaint is due 4/10/12. Status hearing set for 4/11/12 at 10:00 a.m. No appearance required on 4/4/12.

E N T E R:

George W. Lindberg
Senior U.S. District Court Judge

DATED: April 3, 2012