UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN JOSE OCHOA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 11-cv-5544 |
| CITY OF CHICAGO, a Municipal Corp., | ) |
| and COOK COUNTY SHERIFF, | ) Judge John W. Darrah |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Juan Jose Ochoa ("Plaintiff" or "Ochoa") and Defendant Cook County Sheriff ("Sheriff") filed cross-motions for summary judgment as to Count III of the Second Amended Complaint ("Complaint"). Ochoa's claim in Count III for unlawful detention in violation of 42 U.S.C. § 1983 against the Sheriff in his official capacity is the only remaining claim in this case. For the reasons set forth more fully below, the Sheriff's motion for summary judgment is granted, and Ochoa's motion for summary judgment is denied.

**BACKGROUND**

The following facts are taken from the parties' Local Rule 56.1 statements and responses and are not in dispute. The instant case stems from Ochoa's early morning arrest on April 29, 2010, pursuant to an arrest warrant issued in Lake County, Illinois, for a different individual with the same first and last name, same date of birth, and same race. Law enforcement officials came to the apartment that Ochoa shared with his wife and infant daughter in Chicago, Illinois, at around 6:00 a.m. on Thursday, April 29, 2010 to arrest him pursuant to an arrest warrant for an individual named Juan L. Ochoa. The arrest warrant described a Hispanic male who was 5'11'' and weighed 305 pounds. At the time of his arrest, Plaintiff was a Hispanic male, but he was

6'3'' and weighed 255 pounds.

While at his home, Plaintiff advised the arresting officers that he was not Juan L. Ochoa and provided valid identification and other documentation identifying himself as Juan Jose Ochoa. After his arrest, Ochoa was transported to the Chicago Police Station at Harrison and Kedzie at approximately 7:30 or 8:00 a.m. The next day, Ochoa was transferred to the Cook County Jail and appeared before a Cook County judge at around 2:30 p.m. on Friday, April 30, 2010. During the court hearing, Ochoa told the judge that he was not the individual identified in the arrest warrant. The judge responded that a judge in Lake County, where the warrant was issued, would need to resolve any claims of misidentification. Thereafter, the Cook County judge ordered Ochoa remanded to the custody of the Cook County Department of Corrections. The Sheriff was ordered to hold Ochoa until he either posted the required bail, or he was transferred to an authorized law enforcement officer in Lake County.

Law enforcement officers from Lake County came to the Cook County Jail on Monday, May 3, 2010 and took custody of Ochoa. Ochoa then appeared before a judge in Lake County. The Lake County judge continued Ochoa's case until Tuesday and remanded him to the custody of the Lake County Jail for the night. On Tuesday, May 4, 2010, a judge in Lake County determined that Plaintiff was not the Juan Ochoa who was the subject of the arrest warrant and ordered Plaintiff released from custody immediately. The judge also issued Plaintiff a letter explaining that Juan J. Ochoa is not the Juan L. Ochoa who is the subject of the outstanding Lake County warrant. Plaintiff carries that letter with him.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery, disclosures and affidavits establish that there is no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A); *Winsley v. Cook Cnty.*, 563 F.3d 598, 602-03 (7th Cir. 2009). A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the non-moving party. *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 681 (7th Cir. 1999). In considering a motion for summary judgment, a court construes all facts and draws all reasonable inferences in favor of the non-moving party. *Trinity Homes LLC v. Ohio Cas. Ins. Co.*, 629 F.3d 653, 656 (7th Cir. 2010).

A suit against an officer in his official capacity is treated as a suit against the government entity for which the officer works. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Accordingly, the remaining claim in Count III against Sheriff Dart in his official capacity is a claim against Cook County. To impose § 1983 liability on Cook County, Plaintiff must establish the existence of an official policy or custom on one of three theories:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006) (quoting *Roach v. City of Evansville*, 111 F.3d 544, 548 (7th Cir. 1997)). Plaintiff is proceeding on Count III under the second theory, that the Sheriff has a widespread custom of not verifying detainees' identities.

Section 1983 imposes liability on any person or governmental entity who "subjects, or causes to be subjected," another to a "deprivation of any rights, privileges, or immunities secured

3

by the Constitution and laws" of the United States. 42 U.S.C. § 1983. A Section 1983 claim based on the continued detention of an individual after an arrest on a valid warrant, even when the warrant is for someone else, is governed by the due process clause. *Panfil v. City of Chicago*, 45 F. App'x 528, 533 (7th Cir. 2002); *see also Catchings v. Sheahan*, No. 04 C 6110, 2008 U.S. Dist. LEXIS 6760, at * 10 (N.D. Ill. Jan. 29, 2008).

## ANALYSIS

It is undisputed that Ochoa appeared before a judge in Cook County on April 30, 2010. Ochoa told the Cook County judge that he was not the individual identified in the warrant and that judge responded that a judge in Lake County would need to address the identity issue. The Cook County judge then ordered Ochoa remanded to the custody of the Sheriff until Ochoa either posted the required bail or was transferred to an authorized law enforcement officer in Lake County.

The Sheriff is not constitutionally required to investigate and confirm the identities of pretrial detainees. *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979). Further, "[a] mere custodian ... is not required to evaluate the sufficiency of court orders under the threat of civil actions." *Zurita v. City of Chicago*, No. 02 C 3771, 2003 WL 22127588, at *5 (N.D. Ill. Sept. 15, 2003) (quoting *Johnson v. City of Chicago*, 711 F.Supp. 1465, 1474 (N.D. Ill.1989)). The Seventh Circuit has held that the Sheriff's policy of ignoring all claims of misidentification or innocence is entirely lawful "unless the [Sheriff] knows the judge refuses to make an independent decision or there is doubt about which person the judge ordered held." *Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006) (*Hernandez*).

There is no dispute that Plaintiff was the individual the Cook County judge remanded to

the Sheriff's custody. The Cook County judge also was not ignoring Plaintiff's misidentification claim. Instead, the judge found that Lake County, because the warrant had been issued there, was a more appropriate venue for determining whether Plaintiff was the individual named in the warrant. Accordingly, the Cook County judge ordered the Sheriff to transfer Plaintiff to an authorized law enforcement officer in Lake County.

"The due process clause entitles a person to an opportunity for a hearing that is sufficiently accurate to support the gravity of the deprivation." *Hernandez*, 455 F.3d at 777. "[W]hen evaluating the constitutional adequacy of a decision-making process, the court must consider the weight of the interest at stake, the risk of error, and the costs of additional process." *Id*. (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

The interest in liberty is a weighty one, but does not outweigh the risk of error associated with allowing a Sheriff to ignore or reexamine a court order. *See Hernandez*, 455 F.3d at 777. There is no question that Ochoa was not the individual identified in the Lake County warrant and that he was incorrectly held in custody from April 29, 2010 to May 4, 2010. The pain and trauma this incident caused to Ochoa and his family should not be minimized. Unfortunately, as regrettable and frustrating as Ochoa's mistaken detention was, it does not constitute a due process violation by the Sheriff. There is no basis for an award of damages against executive officials whose policy is to carry out a judge's order. *Hernandez*, 455 F.3d at 778.

As stated above, Ochoa appeared before a Cook County judge the day after he was taken into custody. Ochoa raised the misidentification issue with the judge, and that judge decided that any misidentification issue needed to be handled in Lake County. Accordingly, the judge ordered Ochoa remanded to the Sheriff's custody and ordered the Sheriff to hold him until either

Ochoa posted bail, or Lake County took custody of him. In light of that order, the Sheriff had no choice but to detain Ochoa from the time of the hearing on Friday afternoon, until Lake County took custody of him on Monday. Ideally, it would not have taken three days to transfer Ochoa from Cook County to Lake County. However, the timing of the hearing on a Friday afternoon and the ensuing weekend likely contributed to the delay. Again, while any delay in resolving a misidentification is terrible for the individuals involved and should be minimized, a three or four day delay under these circumstances does not constitute a due process violation. *See Hernandez*, 455 F.3d at 778 (plaintiff's 14-day detention not deemed a due process violation).

Plaintiff argues that the Sheriff has a constitutional obligation to adopt a policy or procedure to protect individuals like Plaintiff "who are obviously not the individual identified in the warrant." (Pl.'s Memo. at 5-6.) Plaintiff contends that the Sheriff should be obligated to adopt a fingerprinting procedure that would confirm that a person detained on a warrant is in fact the person identified in the warrant. However, Plaintiff has not cited to any case law precedent to support this position. Further, Plaintiff ignores that there is already a policy and process for protecting individuals who are arrested on a warrant that was issued for another individual. That process is the requirement that detainees promptly appear before a judge so that the judge, and not the Sheriff or other executive official, can address any misidentification claims. Requiring the Sheriff to also implement Plaintiff's proposed fingerprinting procedure is more than what the due process clause requires.

**CONCLUSION**

The Sheriff's failure to adopt the fingerprinting procedure outlined by Ochoa, and the Sheriff's decision to detain Ochoa for three days pursuant to a court order did not violate the due process clause. Accordingly, the Sheriff's motion for summary judgment [65] is granted and Ochoa's motion for summary judgment [70] is denied. Judgment as to Ochoa's official capacity claim against the Sheriff for unlawful detention in violation of 42 U.S.C. § 1983 is entered in favor of the Sheriff and against Ochoa. The Sheriff's request pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)(ii) is denied as moot. Any requests for fees or costs should be filed in accordance with all applicable federal and local rules. All pending matters having been resolved, this civil case is terminated.

Date:   April 3, 2013

JOHN W. DARRAH
United States District Court Judge